[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2011
JOHN LEY
CLERK

No. 10-12677
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-02618-RBP-HGD

RUSSELL FORD,

Petitioner-Appellant,

versus

WILLIE THOMAS,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 13, 2011)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Russell Ford, a Florida state prisoner proceeding through counsel, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred. Ford filed a notice of appeal, and the district court granted him a certificate of appealability (COA) as to whether he had "made a substantial showing of the denial of a constitutional right with respect to his claims related to newly discovered evidence and alleged destruction of evidence." Ford contends Alabama's post-conviction relief procedures are "fundamentally inadequate to vindicate [his] substantive rights" because the district attorney destroyed evidence, in bad faith and in violation of the Due Process Clause, which could have substantiated his claim of actual innocence.

A federal habeas petitioner must obtain a COA from the district court to appeal the denial of his § 2254 habeas petition. 28 U.S.C. § 2253(c)(1)(A). However, "[w]hen a district court dismisses a petition as time-barred, it is inappropriate to grant a COA on the [underlying] constitutional claim . . . ." *Ross v. Moore*, 246 F.3d 1299, 1300 (11th Cir. 2001).[1]

---

[1]In *Ross* we vacated the order granting a COA and remanded to the district court "for the limited purpose of considering whether a COA should be granted on the question of whether appellant's habeas petition is time-barred." *Id.*

In light of the district court's untimeliness ruling, it was inappropriate to grant a COA on the issue of whether Ford had "made a substantial showing of the denial of a constitutional right with respect to his claims related to newly discovered evidence and alleged destruction of evidence." Accordingly, we vacate the order granting a COA and remand to the district court for the limited purpose of considering whether a COA should be granted on the question of whether Ford's § 2254 petition is time-barred.

**VACATED AND REMANDED.**